**Richard F. Klineburger, III**
**Attorney at Law**
By: Richard F. Klineburger, III, Esquire
38 Haddon Avenue
Suite 100
Haddonfield, New Jersey 08033
(856) 428-7469 Fax: (856) 428-7530
Attorney for Plaintiff



## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| LISA SILVER & ROY SILVER (H&W)<br><br>Plaintiffs,<br>vs.<br><br>WOOLWICH TOWNSHIP, THE WOOLWICH TOWNSHIP POLICE DEPARTMENT, PATROL OFFICER V. MINNITTI, JOHN DOE OFFICERS (1-5), SWEDESBORO BOROUGH, THE SWEDESBORO BOROUGH POLICE DEPARTMENT, PATROL OFFICER STANLEY KEMP, AND JOHN DOE OFFICERS (1-5)<br><br>Defendants. | CIVIL ACTION NO. 04cv141 (JEI)<br><br>District Judge<br><br>**AMENDED COMPLAINT AND JURY DEMAND** |

Plaintiffs, LISA SILVER & ROY SILVER, by way of Complaint against the defendants says:

### PARTIES

1.  Plaintiff, LISA SILVER is an adult individual that is a citizen of the State of New Jersey residing at 151 Glen Echo Avenue, in the Borough of Swedesboro and County of Gloucester.

2.  Plaintiff, ROY SILVER is an adult individual that is a citizen of the State of New Jersey residing at 151 Glen Echo Avenue, in the Borough of Swedesboro and County of Gloucester.

3.    Plaintiff are lawfully married as husband and wife and were so on or about January 19, 2002.

4.    Defendant, The Township of Woolwich, was and still is a domestic municipal corporation duly organized and existing under and by virtue of the laws of the State of New Jersey, with a principal place of business located at 121 Woodstown Road, Swedesboro, Gloucester County, New Jersey.

5.    Defendant, the Borough of Swedesboro, was and still is a domestic municipal corporation duly organized and existing under and by virtue of the laws of the State of New Jersey, with a principal place of business located at 500 Kings Highway, Swedesboro, Gloucester County, New Jersey.

6.    Defendants, Patrol Officer V. Minnitti and John Doe Officers (1-5), were at all times relevant employees of the Police Department of defendant, The Township of Woolwich.  At all times herein mentioned, defendant Minnitti and John Doe Officers (1-5) were acting under the color of law and authority as an officer of the defendant, The Township of Woolwich.

7.    Defendants, Patrol Officer Stanley Kemp and John Doe Officers (1-5), were at all times relevant employees of the Police Department of defendant, The Borough of Swedesboro.  At all times herein mentioned, defendant Kemp and John Doe Officers (1-5) were acting under the color of law and authority as an officer of the defendant, The Borough of Swedesboro.

**JURISDICTION AND VENUE**

8.  The Court has jurisdiction over the lawsuit because the action arises under the Laws and Constitution of the United States, in particular, the Fourth and Fourteenth Amendments and 42 U.S.C.A. § 1983. Plaintiff was deprived of her rights secured to her under the Constitution and the laws of the United States including, but not limited to, her rights to be secure in their person and property and be free from unlawful searches, seizures, arrests, the right to counsel, and freedom from imprisonments.

9.  Plaintiff, Lisa Silver was falsely charged and was falsely and maliciously imprisoned.

10. The Court has supplemental jurisdiction under 28 U.S.C § 1367 over plaintiff's claims arising under state law, including but not limited to violations of her State Constitutional rights against defendant, false arrest, false imprisonment, assault, and intentional and negligent infliction of emotional distress because these claims are so related to the claims within the Court's original jurisdiction that they form part of the same case or controversy under Article 3 of the United States Constitution.

11. Venue is proper in this Court pursuant to 28 U.S.C. § 1391, as the claims at issue arose in this judicial district.

**COMPLAINT**

**GENERAL ALLEGATIONS**

12. The above paragraphs are repeated and incorporated

herein by reference as if set forth in full.

13. On the evening of January 19, 2002, plaintiff Lisa Silver was an occupant of an establishment situated on Kings Highway in the Borough of Swedesboro.

14. At that time, Patrol Officer Minnitti and defendant Kemp, who were investigating a reported public disturbance, asked plaintiff and her husband to exit the area. The officer assaulted plaintiff shortly thereafter following a verbal altercation between her and plaintiff.

15. Specifically, the officer claims plaintiff raised her voice in a threatening manner toward him and as a result, he effectuated an arrest for disorderly conduct and hindering apprehension.

16. The defendant officers claim that a scuffle ensued between they and plaintiff and others at the scene.

17. Plaintiff denies that any type of resistance or physical confrontation with the defendant officers was posed by her during the course of the arrest.

18. Plaintiff further alleges that Officer Minnitti grabbed her by the neck and threw her to the ground to place her in handcuffs. The officer, who is far larger in stature then plaintiff, twisted plaintiff's arms behind her back in a show of unnecessary force. The officer utilized such force upon plaintiff's arm that she required shoulder surgery.

19. Plaintiff was falsely imprisoned and charged with

hindering apprehension and disorderly conduct among other charges. Following a bench trial before the Hon. Nicholas T. Lacovara of the Municipal Court of New Jersey, Swedesboro, Gloucester County, plaintiff was cleared of all charges.

### COUNT I

### FALSE ARREST AND FALSE IMPRISONMENT

### SECTION 1983, CIVIL RIGHTS ACT

20. The allegations contained above are incorporated herein as though fully set forth.

21. The arrest and detention of plaintiff by defendants was carried out unlawfully, intentionally and maliciously, without just or probable cause, for the express purpose of trying to justify the illegal arrest of plaintiff. As such, such actions constitute a false arrest and false imprisonment.

22. The arrest and detention of plaintiffs by defendants violated their rights under the United States Constitution and the New Jersey Constitution and the Laws of the State of New Jersey.

### COUNT II

### DEPRIVATION OF FEDERALLY-PROTECTED RIGHTS

### 4th and 14th AMENDMENTS

23. The allegations contained above are incorporated herein as though fully set forth in this cause of action.

24. The actions of defendant Patrol Officers V. Minnitti,

Stanley Kemp and John Doe Officers (1-5) as police officers were committed under color of and authority of defendant Township of Woolwich and Borough of Swedesboro, and while acting in that official capacity. The actions or inactions of the defendant Township of Woolwich and Borough of Swedesboro deprived plaintiffs of their rights under the Laws and Constitution of the United States, in particular, the Fourth and Fourteenth Amendments and 42 U.S.C.A. § 1983.

25. Plaintiffs were thereby deprived of rights and immunities secured under the Constitution and Laws of the United States, including but not limited to the right to be secure in her person and property, to be free from unlawful searches, seizures, arrests, and the excessive use of force, to be afforded due process and equal protection under the laws.

### COUNT III

#### NEGLIGENCE

26. The foregoing paragraphs are incorporated in this count but will not be restated for the sake of brevity.

27. Defendant, The Township of Woolwich and Borough of Swedesboro, as a matter of policy and practice failed to discipline, train or otherwise sanction police officers who violate the rights of citizens, including plaintiffs thus encouraging defendants in this case to engage in the unlawful and actionable conduct described above.

28. Defendant, The Township of Woolwich and Borough of

Swedesboro, as a further matter of policy and practice failed to train properly its police officers, including defendants Patrol Officers V. Minnitti, Stanley Kemp and John Doe Officers (1-5) in this case, with respect to the constitutional, statutory and departmental limits of their authority.

29. At all times herein mentioned, the defendant officers were acting as the agents, servants and/or employees of the defendant and therefore, their acts are attributable to defendant, Township of Woolwich and Borough of Swedesboro.

## COUNT IV

### ASSAULT AND BATTERY

30. The foregoing paragraphs are incorporated in this count but will not be restated for the sake of brevity.

31. The above described actions constitute an assault and battery by defendant Minnitti and Kemp, as a result of which plaintiffs had sustained severe and significant personal injuries and emotional distress.

## COUNT V

### CONSORTIUM

32. The foregoing paragraphs are incorporated in this count but will not be restated for the sake of brevity.

33. As a result of the acts of the Defendants as set forth above, Plaintiff, Roy Silver had to expend time and monies for the care and treatment of his wife, Plaintiff, Lisa Silver.

34. As a result of the acts of the Defendants as set forth

above, Plaintiff, Roy Silver was deprived of the care and companionship.

35. As a result of the acts of the defendants as set forth above, Plaintiff, Roy Silver has endured great pain and suffering.

**COMPLIANCE WITH NOTICE PROVISIONS**

31. Plaintiffs timely presented their claims to defendants as required by Tort Claims Act for the State of New Jersey.

**DAMAGES**

32. The above paragraphs are repeated and incorporated herein by reference as if set forth in full.

33. As a direct and proximate result of the defendant's conduct, plaintiffs suffered physical pain and suffering in the past and future, severe mental anguish in the past and future suffered, were deprived of their State and Federal Constitutional Rights as aforementioned, and will suffer economic damages and were otherwise damaged.

**ATTORNEY FEES**

34. It was necessary for plaintiffs to hire the undersigned attorney to file this lawsuit. Upon judgement plaintiffs are entitled to an award of attorney fees and costs under 42 U.S.C. § 1988 (b).

**PRAYER**

35. The above paragraphs are repeated and incorporated herein by reference as if set forth in full. Wherefore,

plaintiffs demand judgement against defendants individually, jointly and/or in the alternative for: compensatory damages, punitive damages, attorney fees, interest and costs of suit and such relief as the Court may deem just and equitable.

### PLAINTIFFS' DEMAND FOR JURY TRIAL

Plaintiffs assert their rights under the Seventh Amendment to the U.S. Constitution and demands, in accordance with the Federal Rule 38, a trial by jury on all issues.

Respectfully submitted,

By: _____
Richard F. Klineburger, III, Esquire
Attorney for plaintiff