```
             IN THE UNITED STATES DISTRICT COURT
                FOR THE DISTRICT OF NEW JERSEY
                        CAMDEN VICINAGE
```

| | |
|---|---|
| LISA SILVER, et al., | : |
| Plaintiffs, | : |
| v. | :  Civil No. 04-141 (JEI) |
| WOOLWICH TOWNSHIP, et al., | : |
| Defendants. | : |

**AMENDED SCHEDULING ORDER**

      This Scheduling Order confirms the directives given to counsel during the telephone status conference on August 4, 2008; and the Court noting the following appearances: Benson Goldberger, Esquire, appearing on behalf of the plaintiff; and Robert Baxter, Esquire and L. DiGalla, Esquire, appearing on behalf of the defendants.

      **IT IS** this **5th** day of **August, 2008,** hereby **ORDERED:**

      1.  Pretrial factual discovery is hereby extended to **October 31, 2008.** All pretrial discovery shall be concluded by that date. All discovery motions and applications pursuant to L. Civ. R. 37.1(a)(1) shall be made returnable before the expiration of pretrial factual discovery.

      2.  Plaintiff shall return signed records authorizations to defendants within three (3) weeks of their receipt.

      3.  All expert reports and expert disclosures pursuant to Fed. R. Civ. P. 26(a)(2) on behalf of plaintiffs shall be served upon counsel for defendants no later than **November 27, 2008.** All expert reports and expert disclosures pursuant to Fed. R. Civ. P. 26(a)(2) on behalf of defendants shall be served upon counsel for plaintiffs no later than **December 31, 2008.** Each such report and disclosure shall be accompanied by the <u>curriculum vitae</u> of the proposed expert witness. No expert opinion testimony shall be admitted at trial with respect to any witness for whom this procedure has not been timely followed. Depositions of proposed expert witnesses shall be concluded by **January 30, 2009.**

For purposes of this Scheduling Order, treating physicians shall not be considered expert witnesses and shall be treated as fact witnesses who are, however, required to provide reports and records concerning their treatment. However, any doctor who is going to express an opinion as to the cause of a particular condition or as to the future prognosis of a particular condition, shall be considered an expert subject to the requirement of FED. R. CIV. P. 26(a)(2)(B).

The parties shall also exchange, in accordance with the foregoing schedule, written statements identifying all opinion testimony counsel and the parties anticipate will be presented at trial pursuant to F. R. EVID. 701 and <u>Teen-Ed v. Kimball International, Inc.</u>, 620 F.2d 399 (3d Cir. 1980).

4. It will be necessary for counsel to cooperate in preparing the form Joint Final Pretrial Order. The instructions for preparing the Order can be found on the website at PACER.NJD.USCourts.gov, under Forms (Pretrial Orders). The Joint Final Pretrial Order (**original and two copies for the court, with sufficient copies for all counsel**), as signed by all counsel, shall be delivered to me **three (3) days before** the conference on **March 2, 2009 at 3:00 p.m.** The plaintiff portion of the proposed order shall be prepared and sent to defense counsel no later than **January 30, 2009.** Defendant portion of the proposed order shall be prepared and returned to counsel for plaintiff no later than **February 13, 2009. FAILURE TO APPEAR AT THIS CONFERENCE WILL LEAD TO THE IMPOSITION OF SANCTIONS, INCLUDING COSTS.**

**<u>LEAD TRIAL COUNSEL FOR ALL PARTIES SHALL APPEAR AT THE FINAL PRETRIAL CONFERENCE AND SHALL BE PREPARED TO DISCUSS SETTLEMENT OF THE CASE.</u>**

**THE FAILURE OF A PARTY OR ATTORNEY TO OBEY THIS ORDER MAY RESULT IN IMPOSITION OF SANCTIONS UNDER RULE 16(f), FED. R. CIV. P.**

                              S/Joel Schneider
                              JOEL SCHNEIDER
                              United States Magistrate Judge