RICHARDSON & GALELLA, LLC
915 Haddon Ave.
Collingswood, NJ 08108
Tel: 856-858-3330, Fax: 856-858-3343
www.employmentlaw-nj.com
*Attorney for Defendants Woolwich Township,*
*Woolwich Township Police Department, and Patrolman Minnitti*

Robert A. Baxter, Esquire
WARDELL, CRAIG, ANNIN & BAXTER, LLP
41 Grove Street
Haddonfield, New Jersey 08038
(856) 795-2220
*Attorney for Defendants*
*Swedesboro Borough, Swedesboro Borough Police*
*Dept. and Patrol Officer Stanley Kemp*

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | |
|---|---|
| LISA SILVER and ROY SILVER, (H&W)<br><br>Plaintiffs,<br><br>v.<br><br>WOOLWICH TOWNSHIP, THE WOOLWICH TOWNSHIP POLICE DEPARTMENT, PATROL OFFICER V. MINNITTI, JOHN DOE OFFICERS (1-5), SWEDESBORO BOROUGH, THE SWEDESBORO BOROUGH POLICE DEPT, PATROL OFFICER STANLEY KEMP, AND JOHN DOE OFFICERS (1-5)<br><br>Defendants. | CIVIL NO. 04-cv-141 (JEI)<br><br>Civil Action |

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS'**
**MOTION TO ENFORCE THE SETTLEMENT AGREEMENT**

I.  STATEMENT OF FACTS

Movants shall rely upon the Declarations of Allan E. Richardson, Esquire and

1

Robert A. Baxter, Esquire, in lieu of a Statement of Facts.

## II. LEGAL ARGUMENT

An agreement to settle a lawsuit is binding upon the parties, whether or not made in the presence of the court, and even in the absence of a writing. Green v. John N. Lewis & Co., 436 F.2d 389, 390 (3d Cir. 1970). Termination of litigation through settlement is the judicially favored way of disposing of litigation. Petty v. General Acc. Fire & Life Assur. Corp., 365 F.2d 419, 421 (3d Cir. 1966). Public policy favors the enforcement of lawful settlement agreements. Farris v. JC Penney Co., Inc., 176 F.3d 706, 711 (3d Cir. 1999); Edwards v. Born, Inc., 792 F.2d 387, 390 (3d Cir. 1986) (noting the strong public policy in favor of settlements); Brundage v. Estate of Carambio, 195 N.J. 575, 601 (2008)(stating that "the settlement of litigation ranks high in our public policy"). "[P]arties to a dispute are in the best position to determine how to resolve a contested matter in a way which is least disadvantageous to everyone." Peskin v. Peskin, 271 N.J.Super. 261, 275 (App. Div. 1994).

The court applies basic contract principles to its review of settlement agreements. Flemming ex rel Estate of Flemming v. Air Sunshine, Inc., 311 F.3d 282, 289 (3d Cir. 2002); In re Cendant Corp. Prides Litig., 233 F.3d 188, 193 (3d Cir. 2000). "An agreement to settle a lawsuit is a contract, which like all contracts, may be freely entered into and which a court, absent a demonstration of 'fraud or other compelling circumstances,' should honor and enforce as it does other contracts." Pascarella v. Bruck, 190 N.J.Super. 118 (App. Div. 1983)(quoting Honeywell v. Bubb, 130 N.J.Super. 130, 136 (App. Div. 1974)). Clear and convincing proof is required before courts will

vacate a settlement agreement.  <u>Nolan v. Lee Ho</u>, 120 <u>N.J.</u> 465, 472 (1990).

This Court should enforce the settlement agreement freely entered into by the plaintiffs Lisa Silver and Roy Silver, both of whom were represented by their respective counsel, to settle the instant litigation for a sum of $475,000.  The settlement took place during an in-person conference held by Magistrate Joel M. Schneider.  No compelling circumstances exist to permit the plaintiffs to now renege the agreement.

### III.   CONCLUSION

For all the foregoing reasons, it is respectfully requested that the Court enter an Order enforcing the settlement agreement entered between the parties on July 23, 2009.

WARDELL, CRAIG, ANNIN
& BAXTER, LLP

_____
Robert A. Baxter, Esquire
*Attorneys for Defendants*
*Swedesboro Borough, Swedesboro*
*Borough Police Dept. and Officer*
*Stanley Kemp*

Dated:  October 7, 2009

RICHARSON & GALELLA, LLC

*/s/ Allan E. Richardson, Esq.*
Allan E. Richardson
*Attorneys for Defendants Woolwich*
*Township, Woolwich Township Police*
*Department, and Patrolman Minnitti*

Dated:  October 7, 2009